# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY INARRITO, | : CIVIL NO. 3:17-CV-0489 |
| Plaintiff | : (Chief Judge Conner) |
| v. | : |
| CAPTAIN DAVID ALTIZER | : |
| Defendant | : |

## MEMORANDUM

## I. Background

Plaintiff, Sammy Inarrito, filed this pro se Bivens[1]-civil rights action while confined at the Allenwood Low Federal Correctional Institution (LSCI-Allenwood), in White Deer, Pennsylvania. (Doc. 1). Named, as the sole defendant, is Captain (Capt.) David Altizer. Inarrito claims that after filing a grievance against Capt. Altizer he retaliated against him by assigning him to an undesirable institutional job, snow removal. (Id.)

On December 19, 2017, Capt. Altizer filed a motion to dismiss, and/or, in the alternative, for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies, failure to state a claim, and qualified immunity. (Docs. 14 - 16). Inarrito has not responded to that motion or sought an enlargement of time to do so. Additionally, plaintiff has failed to communicate with the court

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

since June 15, 2017. Since October 20, 2017, all court correspondence addressed to plaintiff has returned as undeliverable bearing the notation "unable to forward". (See Docs. 11, 12 and 17).

In an effort to ascertain the custodial status of plaintiff, the court accessed the Bureau of Prisons (BOP) on line inmate locator, which revealed that Inarrito was released from custody on January 5, 2018.[2]

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, sua sponte, to dismiss an action as a sanction, a district court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). "However, when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis unnecessary. See McLaren v. NJ Dept. of Educ., 462 F. App'x 148, 149 (3d

---

[2] Upon entering Inarrito's identification number, 08724030, into the BOP Inmate Locator, his status was returned as "Released On: 01/05/2018". See https://www.bop.gov/inmateloc/ (last visited Sept. 25, 2018).

Cir. 2012) (per curiam) (citing Guyer v. Beard, 907 F.2d 1424, 1429 - 30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir.1994)); see also Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011) (the District Court did not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the Poulis factors").

The court notes that a pro se plaintiff has the affirmative obligation to keep the court informed of his address. (See Doc. 2, Standing Practice Order in Pro Se Plaintiff Cases, ECF p. 6; M. D. Pa. Local Rule of Court 83.18). Should plaintiff's address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. (Doc. 2, ECF p. 6). If the court is unable to communicate with plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Id.)

Here, the BOP released plaintiff from custody over eight months ago. He has failed to provide the court with his current address and has not communicated with the court since June 15, 2017. All court correspondence addressed to plaintiff has returned as undeliverable since October 20, 2017. (See Docs. 11, 12 and 17). Clearly, plaintiff has failed to comply with the terms set forth in the Standing Practice Order and M.D. Pa. Local Rule 83.18. It is reasonable to conclude that plaintiff has abandoned this lawsuit.

### III. Conclusion

Based on the foregoing, the court will dismiss Plaintiff's action pursuant to Fed. R. Civ. P. 41(b) and due to failure to comply with a court order. The court will dismiss Defendant Altizer's motion to dismiss as moot.

An appropriate order shall issue.


Dated: September 28, 2018

S/ CHRISTOPHER C. CONNER
**Christopher C. Conner, Chief Judge**
**United States District Court**
**Middle District of Pennsylvania**